UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Case No.: 8:12-cr-260-T-30JSS

NESTOR URDANETA-GONZALEZ
_____/

**REPORT AND RECOMENDATION**

Before the Court is the Government's Motion for Declaration of Forfeiture of Urdaneta-Gonzalez's Bond ("Motion") (Dkt. 158) and Defendant's response (Dkt. 160). For the reasons set forth below, the Court recommends that the Government's Motion be granted.

**BACKGROUND**

On June 27, 2012, a federal grand jury charged Defendant, along with several co-defendants, with one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349, four counts of mail fraud, in violation of 18 U.S.C. § 1341, and four counts of wire fraud, in violation of section 18 U.S.C. § 1343. (Dkt. S-1.) On July 11, 2012, Defendant was arrested on the Indictment and he made his initial appearance before the Court. (Dkt. 8.) The Court granted Defendant pretrial release and ordered that bond be set at $50,000, to be secured by property and a $25,000 surety. (Dkt. 8.)

On July 16, 2012, Defendant moved to modify the bond to allow for a $50,000 surety bond to be posted through a corporate surety. (Dkt. 21.) On July 17, 2012, the Court granted the motion to modify the bond. (Dkt. 22.) As a condition his Appearance Bond, Defendant was required, in pertinent part, to "abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment." (Dkt. 28.) The Appearance Bond provided that if Defendant failed to perform the conditions stated

therein, including surrendering to serve any sentence imposed, the bond could be forfeited and payment of the bond would be due immediately. (Dkt. 28).

On November 27, 2012, Defendant entered a negotiated plea of guilty to count one of the Indictment. (Dkts. 72, 73.) On July 10, 2013, Defendant was sentenced to a term of 51 months of imprisonment followed by 36 months of supervised release. (Dkt. 112.) In imposing the sentence, the Court allowed Defendant to self-surrender to the Bureau of Prisons. (Dkts. 112, 117.) Thereafter, Defendant failed to surrender to the Bureau of Prisons to serve his sentence, and he remains a fugitive. *See* Case No. 8:14-cr-403-T-33JSS, Dkt. 1 (Indictment).

## ANALYSIS

Federal Rule of Criminal Procedure 46(f) applies to bail forfeitures and contemplates a two-step process: (1) A court "must declare the bail forfeited if a condition of the bond is breached," but (2) a bail forfeiture may be "set aside in whole or in part . . . if it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(1)-(2). After declaring the bail forfeited, the court, "upon the government's motion, [must] enter a default judgment." Fed. R. Crim. P. 46(f)(3). Forfeiture results in liability not just as to the defendant but also as to any surety on the bond. *See United States v. Vaccaro*, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); *Balbuena*, 2009 WL 87413, at \*1.

Here, the Government has demonstrated and Defendant, through counsel, does not dispute that Defendant violated conditions of his Appearance Bond by failing to surrender to serve his sentence. Thus, the Government has satisfied the first step in the bail forfeiture analysis. As to the second step, Defendant does not argue that justice does not require bail forfeiture. Having found that an express condition of the Appearance Bond has been breached, pursuant to Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited."

Accordingly, it is

**RECOMMENDED:**

1. The Government's Motion for Declaration of Forfeiture of Urdaneta-Gonzalez's Bond (Dkt. 158) be **GRANTED**.

2. Nestor Urdaneta-Gonzalez and Allegheny Casualty Company be held jointly and severally liable to the United States for the total amount of the bond, to wit: $50,000 and any accrued interest to be immediately due and payable and declared forfeited.

3. The sum of $50,000 be immediately forfeited to the United States.

**REPORTED** in Tampa, Florida on January 25, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
United States District Judge James S. Moody, Jr.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.